UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

06 17 ml

Miguel Angel Toledo Rodriguez )
A-24436654 Pro-Se )
v. )
Bruce Chadbourne ) C.V. No.
Interim Field Office Director )
Warden: Wyatt Detention )
Wayne Salisbury ) Petition For A
Respondents ) Writ of Habeas
Corpus

Petition For A Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241

Petitioner Miguel Angel Toledo Rodriguez, hereby Petitions This Court For A Writ of Habeas Corpus To Remedy His unlawful detention.

PARTIES

1. Petitioner was A Permanent Resident of The United States and a Native and Citizen of Cuba. Toledo Rodriguez was ordered deported MAY 1999 and Taken Into (DHS) Custody on Aug 12 2004. He Has been Detained by (ICE) For over 2 years 2. Roberto Gonzales is The Attorney General of The united States and Is Responsible For The administration of ICE and Implementation and Enforcement of INS Laws. 3. Respondent Bruce Chadbourne is The Interim Field office Director For Detention. 4. Respondent

Custody of The Petitioner.

CUSTODY

6. Petitioner Is Detained AT The Wyatt Detention Center Central Falls RI, ICE Has contracted with The Wyatt Detention To House Immigration detainees such As mr. Rodriguez. Petitioner was previously Detained AT The Suffolk County Petitioner Is under The Direct Control of Respondents and Their agents.

JURISDICTION

7. This action Arises under The Constitution of The United States, The Immigration and Nationality Act (INA), 8 U.S.C § 1101 et seq., AS Amended by The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) Pub. L. no. 104-208, 110 STAT. 1570, and The Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. This Court Has Jurisdiction under 28 U.S.C. § 2241, Art I § 9, cl. 2 of The United States Constitution (Suspension clause") and 28 U.S.C § 1331, As The Petitioner Is Presently In Custody under Color of The Authority of The United States and such custody Is In violation of The Constitution, Laws, or Treaties of The United States. See Zadvydas v. Davis 533 U.S. 678, 121 S. CT. 2491 (2001).

8. VENUE

8. Venue lies In The District of RI because Toledo Rodriguez Is currently detained AT Wyatt Detention 950 High Street Central Fall

EXHAUSTION OF REMEDIES

9. Petitioner Has Exhausted His Administrative Remedies to The Extent Required by Law His only Remedy IS by way of This Judicial action, Bast on decision From Supreme Court In Zadvydas, Petitioner Has been order Deported For over 2 years but (ICE) Still Hold Him In Detention, Even After He gave up All His Rights And Ask For Deportation back To His Country CUBA.

STATEMENT OF FACTS

11. Toledo Rodriguez was born In ~~my~~ 8-29-56 CubA I came To This County at The Age of 23 with The Intent on working Hard For my Family and making A better Life, I Did get myself In To A Problem That I wish I could Take back but we can not change The Past, I Have been In Jail and Now Detain Dye INS and From These Times I Have Done Programs to better my Self, I am a very change man and deserve A second chance In Life Like The Rest of The People In This world I Ask For nothing more but To get back To my Family Thank you.

90 Day SIX month Custody Reviews

14. From The Time That I Toledo Rodriguez been Detain I Have not Received A Review Letter From (DHS) I Have wrote Letter and Have Done my Part Still I Wait.

It's over 1 year and 8 Months and I

Removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States". Id., 121 S.Ct. at 2498. A "Habeas court must first ask whether the detention in question exceeds a period reasonably necessary to secure removal. at 2504. If the individual's removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute." Id.

22. In determining the length of a reasonable removal period, the court adopted a "presumptively reasonable reasonable period of detention" six months. Id. at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably future," see Zhou v Farquharson, 2001 U.S. Dist. Lexis 18239, 2-3 (D. Mass. Oct 19, 2001) (quoting and summarizing Zadvydas). Moreover, for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas 121 S.Ct. at 2505. ICE's administrative regulations also recognize that the HQPDU has a six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future, see 8 C.F.R. § 241.4(k)(2)(iii). 23. Evidence showing

deported within the Reasonably Foreseeable Future. See Thompson v. INS, 2002 U.S. Dist. Lexis 23536 (E.D. La September 16, 2002) (government Failed to show that Alien's deportation to Guyana was Reasonably Foreseeable where the government offered Historical Statistics of Repatriation to Guyana, but Failed to show any Response From Guyana on the application For Travel documents that INS and the Petitioner Had Requested); Lacanic v. Elwood, 2001 U.S. Dist. Lexis 21848 at 14 (E.D. Penn. November 8, 2002) (government's Reliance on Data Concerning Removals of other aliens to Yugoslavia did not satisfy Zadvydas because government Failed to give Information about the number of Aliens that were denied travel papers and did not provide individualized information about the Removed Aliens that would allow "a meaningful comparison of the Removed Aliens to the Petitioner); Ablahad v. Ashcroft 2002 U.S. Dist Lexis 17405 at 4 (N.D. Ill. September 6, 2002) (evidence that Aliens Have been deported to petitioner's country is not sufficient to carry the government's burden under Zadvydas) Rather, For the Government to meet its burden of showing that an Alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's [redacted] case. Compare Thompson, and Ablahad with Khan v. Fasano, 194 F. Supp. 2d 1134 (S.D. Cal

scheduled with Pakistani government to discuss petitioner's case).

24. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after fourteen months if ICE "is unable to present to present document confirmation that the Nigerian government has agreed to [petitioner's] repatriation"); Zhou, 2001 U.S. Dist. LEXIS 18239 (ordering that the writ of habeas corpus issue within 60 days, given petitioner's 13-month detention and the INS's inability to assure the court that the paperwork from China was on its way); Abdu v. Ashcroft, 2002 U.S. Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002) (goverment's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future); Kacanic, 2001 U.S. Dist. LEXIS 21848 (where alien had been detained for one year, lack of a definitive answer from foreign embassy as to issuance of travel documents - or any indication that a definitive answer was likely -- showed that removal was not reasonably foreseeable); Mohamed v. Ashcroft, 2002 U.S. Dist. LEXIS 16179 at *7 (W.D. Wash. April 15, 2002) (granting writ of habeas where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonably foreseeable future).

CLAIMS FOR RELIEF

COUNT ONE

STATUTORY VIOLATION

Efforts passed 12 months ago. For the reasons outlined above in paragraphs 1 to 24, Petitioner's removal to Cuba is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonable and in violation of INA § 241.

COUNT TWO

SUBSTANTIVE DUE PROCESS VIOLATION

27. Petitioner re-alleges and incorporates by reference paragraphs 1 through 26 above.

28. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While the Respondents would have a compelling government interest in detaining Petitioner in order to effect his deportation, that interest does not exist if Toledo Rodriguez cannot be deported. The Supreme Court in Zadvydas thus interpreted INA § 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest -- to effect the alien's

30. Under The Due Process Clause of The United States Constitution, an Alien is entitled to a Timely and meaningful opportunity to demonstrate That He should not be detained, The Petitioner In This case Has been denied That opportunity as There is no administrative mechanism in place For The Petitioner to demand a decision, ensure That a decision will ever be made, or Appeal a custody decision That violates Zadvydas.

## Prayer For Relief

Where Fore, Petitioner Prays That This Court grant The Following Relief:

1) Assume Jurisdiction over This matter;
2) Grant Petitioner a writ of Habeas Corpus directing The Respondents to Immediately Release The Petitioner From Custody;
3) Order Respondents To Refrain From Transferring The Petitioner out of The Jurisdiction of ICE Boston District Director during The pendency of These proceedings and while The Petitioner Remains in Respondent's custody; and
4) Grant any other and Further Relief which This Court deems Just and proper.

I Affirm, under Penalty of Perjury, That The Foregoing is True and correct.

Respectfully submitted This 1/12/06

I Miguel Angel Olado Rodriguez, certify That A True copy of The above document (Petition For Writ of Habeas Corpus) together with attached documents was served on 1/12/06, upon The Following

Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
JFK Station
Boston MA 02114

By placing A copy of The above In The Mail AT The Facility where I Am Detained.

Certificate of Service